Susan Marie Krebs  You You When X call the case of In re Susan Marie Krebs I Mr. Robin Representing mrs. Krebs in this matter. I would ask to reserve four minutes for rebuttal At Requests will be granted. Thank you this case comes before the court as an appeal to determine whether or not the case of Rousey versus Jack away is a precedential case Reversing this court's long held holding in Clark. My client was the beneficiary of an IRA held for her retirement she filed Because the record doesn't seem to show it but how old Was your client? She's 58 now. Okay. No, she's 58 at the time 58 at the time of filing. Okay. I think you can draw it That was under Clark yes under the the Supreme Court's decision in Rousey I suggest that that no longer applies that IRAs in and of themselves. No, but I mean under IRA law Yes Without penalty, that's correct. Can we reverse or could we go over rule Clark as a panel? Quite honestly, I'm not sure if you can't well, the answer is yes If it was a subsequent Supreme Court opinion inconsistent with it In other words, we're bound unless intervening change of the law by Congress or the Supreme Court so that if Rousey is inconsistent with our prior result He's been a good teacher today, thank you judge Greenberg Was mr. Rousey withdrawing was he old enough to withdraw it? No, I Believe there isn't her I believe the question that Is held is whether or not the intention of the court the Supreme Court was to Cure the division between the different circuits and I think clearly a Simple reading of the the Supreme Court's opinion Clearly states that the they never mentioned Clark in their opinion. They never directly mentioned Clark No I think that's the problem that we've had in the Western District and we have judges saying that since it didn't specifically mention Clark Therefore it's not reversed But they do state the second sentence in the opinion is the question this case is whether debtors can exempt assets in their individual retirement Accounts IRAs from the bankruptcy estate pursuant to 522 d10e which is exactly the issue here We hold that I this is the third Sentence in the opinion we hold that IRAs can be so exempted I don't think there's any question that that's their intention and you can't question. I Respectfully represent that you they make it very clear on Further into their opinion that their intention was to settle the division among the circuits They specifically state regranted search for Ari to resolve the division among the courts of appeal whether debtors can exempt IRAs from the bankruptcy estate under 522 d10e So clearly they're intending to make this the new precedent that IRAs are to be exempted and I apologize for my brief I was a little bit over excited when I wrote my brief because I was arguing to the court The bankruptcy court originally that even if you're not going to find that to be so Let's just have a hearing to determine whether or not my client is entitled to these payments at this time Because the the argument from mr. Skiba was that There was no showing that they were required to support my client And I was trying to submit to the court that would be very simple for me to show that she had mental health issues She had family health issues She was unable to maintain employment Even though she was working at the time the petition was filed because of her mental health issues She's unable to maintain maintain employment and the court refused to even have a hearing So as a result, even if we agreed with you we'd have to send it back to the district court No, if you agreed with me that The the Rousey case is a new precedent then I think you can direct that the court rule in Consistent with that opinion and overrule the trustees Objections that the IRA is exempt and we don't Then we don't report does not have to consider whether this is needed for support. That's correct That's correct. That was my fall that position before the with a pension in A bankruptcy case this does the proceeds of the pension does that have to be proven to be necessary for support? No, no, I believe that's what Rousey was saying and in that an IRA had that same Protection Well The I Guess I one of the things I wondered why hasn't been argued here or in the other cases that tried to distinguish Clark Dealing with IRAs Clark dealt with a Keough plan And those of us who remember the era of Keough's and IRAs and Roth IRAs Knew that there were differences between them Yeah, Carmichael Carmichael After which was decided after Clark and I think the Fifth Circuit basically said that Basically said that an IRA didn't have to be you didn't have to be 59 a half to be able to exempt an IRA Why why isn't that a Distinguish Clark, I think it probably could be I Think however that Clark is no longer precedent whatsoever because of the Supreme Court because Rousey dealt with someone below Correct right on point IRAs are somewhat limited in what you can put in them as opposed to Keough's exactly And I understand from a member of the Senate at the time that they were created To benefit those persons who were not in a position to get pensions So that they could be treated as a pension, that's correct would be consistent with your opinion Okay, thanks, that's legislative history It's not published well, maybe we're allowed to consider it or not, but we may Miss mr. Skiba I May please the court. I am Jerry Skiba the attorney pro se as well as the plaintiff or the trustee and The party in this case. I'll address three issues first whether Clark was Decided secondly with us consistent with Rousey and thirdly started decisive Clark was correctly decided. I would note the structure of the statute I This is the last of several paragraphs I don't know if you have to argue that because we have to take Clark is having been correctly decided But the question is well, was it directly decided then or of intervening? Sources not within this court, you know Caused it a problem well, that's the consistency has Rousey impliedly overruled it and If you want me to jump, well, I mean we couldn't we couldn't Come to a conclusion because we thought the Clark was right or wrong when decided we've got to take it as right decided But then the question is whether it applies now Whether or whether it was yes, whether it was impliedly overruled as inconsistent Therefore don't would not apply now. Obviously we say that it does and the Western District Could the cases are all over the place as I stated in my brief in the northern part of the Western District We're consistent where you're coming from, right? Judge Benson judge McLaughlin. I win, you know, and I did and I'm not just in this case. So with Consistency, there are three elements. I think that Miss Krebs counsel, I mean, let me stop you. Correct. Let me stop you you you win you you were winning but now Congress said you lose if If you were filing a new Post October 2005 yeah, that's not an issue anymore. Does it does that make any difference that they clarified it? We can make it we can argue that both ways. I mean I could say which way are you gonna argue it? Well, I would argue that that was it was clearly Not exempt. That's what they had to amend the statute to make it exempt Statute was clearly from the beginning meant to cover IRAs as though they were pensions and there were certain parts of the country where that did not seem to be Understood and perhaps it needed to be clarified. You've made the other inference You know some court some court sometimes say this look this issue wasn't clear and now Congress or the legislature as the case may be has passed the law and I've seen opinions saying exactly this In as much as it wasn't clear Why shouldn't we now rule? That the law was Before the statute was passed What the statute says? Before I'm sorry, you can see I I see your position I'm not saying that's why I'm just saying I've seen opinions doing that Before Rousey came down the law was clear in this circuit It was applied to IRAs and Keogh plans, that's why it's consistent It was consistent It's easily coexistent you have three criteria. I disagree with mr. Rowden who says you all you need is to apply is to have the two criteria of That it's caused by age or retirement or the course of age caused by age Disability and so on and that it's similar. Those are two of the requirements, of course, but clearly the Supreme Court in Rouse Expressly did not address and said that it was not addressing the third criteria of support Which is all the clerk dealt with And I would disagree with mr Route also in the almond decision upon which The district court relied to some extent. He said indeed Discussing Rousey indeed the issue was never presented as the debtors and Rousey or as the debtors and Rousey had reached retirement age and The 8th Circuit for the underlying case did not doubt that their IRAs are necessary to their support Citing the brief for petitioners filed in the Supreme Court by the Rousey's So they were over the age of 59 and a half at all relevant times Unlike here, that's why the third issue was not could not be addressed They were only dealing with the first two and then expressly stated that we're going to address those two our vested pension benefits a vested pension the Like a keel no, no with it with a company you have a vested pension Okay, is that exempt from attachment in a bankruptcy absolutely Patterson versus Shoemake, right? and if one considers that IRAs were created to enable those who did not have the opportunity to Create a pension benefit to have that same benefit for their ongoing support Should that corpus be treated differently than the pension corpus? Congress says so I mean, I mean you can make arguments and the and Congress did try to do it I thought was the better thing in 2005, but that was not what they did Since 1970 unless they were trying to clarify what they tried to do originally maybe 20-some years or 30 whatever number of years beforehand But I would say not The the consistency is easy Peel plans HR to end those old retirement vehicles and IRAs it covered in its meant to exempt only the stream of income and If the language could have been made clear and judge Becker's Decision or concurring opinion in Clark brings this out that the that Congress did have before it the Uniform Exemption Act Which stated that All assets held All assets held payments made and amounts payable Under the relevant plans would be exempt that was rejected and only the payments quote-unquote What's the what's the citation of that statute you just read? It's the Uniform Exemption Act section 6 promulgated by the National Conference of Commissioners on Uniform State Yes, it was but it was it was addressed by judge Becker and his concurring opinion in Clark and It indicates I think fairly clearly that that if they wanted to exempt the corpus the principle There was language before it that they considered and rejected To me, that's that's a good argument As to Consistency any kind of Keogh plan as Clark was IRAs as have been uniformly Applied by the bankruptcy course in the district courts all of them I had a Keogh when I was in private practice and I've put a lot of money in that Keogh Correct more than I could have put into an IRA so that The purpose of a Keogh is different than the purpose of an IRA Yes It could be you could put 15% you could put 15% of your income into a Keogh true Or as you're limited or you were limited to only what two thousand two thousand IRA. Yeah, that's correct Which is frankly maybe one reason why IRA would be in because it's more like a savings account Keogh plan, but in any case the courts are really uniformly ruled that that was not the case In this district and I think everywhere as far as I know I wasn't aware unaware of that one case that you mentioned But all these you know, if you if you haven't read reach pay status fifty nine and a half or eligible Whether you have any kind of plan you Cannot be Exempted and it's very consistent With the other argument the other argument in the IRA is that you can choose to take your money out of your IRA You just pay a 10% penalty good argument, but Rousey rejected that but only as to similarity and on account of Criteria for the first two criteria did not X did not address that at all With regard to the support criteria, which I think is where the Wiggins court Which addressed this in the middle district went way off saying it's similar in this way dissimilar in this way Well, that's true. But that's because the support argument was not addressed at all so Starr decisis Of course, this court is well aware that that you're supposed to follow You do follow precedent even if you think it may have been possibly wrong It was cogently argued and and decided in 1983 It was not wrong. Then it is not wrong Now the Rousey case is consistent can't easily be applied consistently with it is consistently applied with Rousey The Rousey court specifically withheld its Judgment as to support and in fact had to because that issue was not presented Could not be presented because they were over the age of 59 and a half In this district before the Rousey decision everything was uniform maybe across the country things were in this array, but not in the Third Circuit the bankruptcy court in Rousey stated that the number of interpretations of section 522 t10e Varied only with a number of courts that addressed it Every court had its own had its own little rule and nuance but not in the Third Circuit We you know, we had a consistent rule and now after everything is done here the last case Long after the you know the check we're going to revisit this. Maybe we were consistently wrong And I would say that For a long time and I'm a private practitioner not just I'm not just a trustee I do both sides of the road You look at these cases and hundreds thousands of cases were analyzed on this. I guarantee it people Garrett came to your office I have an IRA. I have a 401k What can I do a lot and the Third Circuit was easy to apply? You knew that if you had an IRA you're in trouble. You had a 401k you weren't and now we're going to go back and say Because the Supreme Court gave this opinion in Rousey, which did not even address the issue now We're going to say all you attorneys back then you gave wrong advice Because these are this is part and parcel intricate Law in the Third Circuit that every attorney knew and applied well, I don't think that the effect of our opinion would be to say that the Attorneys gave wrong advice. It's just to say that after Rousey the law changed I mean And of course if it had addressed if it could have addressed that issue It would have but Rousey number one couldn't address it because the because they were over the age of 50 But if we based the opinion on Rousey, we had no way would be saying that anybody gave wrong advice Before Rousey, of course Of course But it would be ironic that was that what was such a you have to have a lot of implication here You know, it did not say it said it didn't say it not just didn't address it It said it didn't address it and thoroughly could not have addressed it because they were over the age of 59 and a half at that time so I submit that this court Should Reaffirm its decision in Clark for this one last case that's going to be decided probably end of the pre pre 2005 amendments It was not wrong in 1983 and it should still apply this lot. You do a lot of this work. Mr Skiba, are there other cases out there that might be waiting for us to decide not as issue as far as I know the Wiggins case was going to be argued and it was and was Settled I think that that the day beforehand Okay, I was sort of I was hoping that that was going to be addressed last year, but here I am now doing it myself All right. I'm aware of any others. Okay Said all you have in a skew. That's it. Thank you. Thank you very much Mr. Robin, do you have anything else? As an attorney that did counsel clients not to file with IRAs prior to the Rousey decision I have no problem with you coming back and say that my advice would have to change after the Rousey decision When the Supreme Court is saying that IRAs are exempt I Advise my client that the Supreme Court has said all the circuits now have to agree That IRAs are exempt and I do apologize to the court I was under the impression that they were under 59 and a half because the court does address that they repeatedly Refer to the fact that they're limited to their withdrawals till they're under 59 and a half or else There's a substantial 10% penalty I assumed and I apologize for making the assumption that therefore they were under 59 and a half But I think the Supreme Court clearly is taking to an account the fact that there is that penalty for under 59 and a half Even though it wouldn't have applied to the Rousey's it would apply to my client And I also want to make clear and I think you do understand that although this may be the last case that may have this issue this is a Frightfully important case to my client. This is every case is there's no small case comes to this room That's right. Thank you. It may Precedentially not important. There's I learned that my brother was a judge long before I was about longer before said When a person has a lawsuit in front of you that got sworn in that's the most important thing in his life It's more important than the doctor he sees people worry that people people pick their lawyers more carefully than they pick Their doctors we told me And I believe that very good. Thank you. Thank you. Mr. Rodman we thank counsel for their Helpful arguments and we'll take the matter under advisement And the recess for three minutes